IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Keshia R. Moss,                   )

                               )

            Plaintiff,      )

                               )     Civil Action No. 6:25-cv-6231-BHH

v.                            )

                               )     **ORDER**

United Physician Group, LLC,   )

                               )

            Defendant.    )

_____ )

This matter is before the Court upon Plaintiff Keshia R. Moss's ("Plaintiff") *pro se* amended complaint alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA") and violation of the South Carolina Payment of Wages Act ("SCPWA"). (ECF No. 22.)  On November 12, 2025, Defendant United Physician Group, LLC, which the parties also sometimes identify as United Physicians Group, LLC ("Defendant") filed a motion to partially dismiss Plaintiff's amended complaint, seeking dismissal of Plaintiff's claim for violation of the SCPWA.  (ECF No. 28.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 19, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion and dismiss Plaintiff's SCPWA claim because it is barred by the applicable three-year statute of limitations.  (ECF No. 39.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  On March 5, 2025, Plaintiff filed objections to the Report.  (ECF No. 41.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

In the Report, the Magistrate Judge explained that, under the SCPWA, when an employee is terminated, the employer must pay "all wages due to the employee within forty-eight hours of the time of termination or the next regular payday which may not exceed thirty days." S.C. Code Ann. § 41-10-50. (ECF No. 39 at 8.) The Magistrate Judge further explained that Plaintiff alleges she was terminated on August 9, 2021; therefore, Plaintiff's final paycheck was due, at the latest, on September 8, 2021. (*Id.* at 8-9.) Because the three-year limitations period expired on September 8, 2024, and Plaintiff did not file this action until June 26, 2025, the Magistrate Judge agreed with Defendant that Plaintiff's SCPWA claim is untimely by more than nine months. (*Id.* at 9.) Additionally, the Magistrate Judge found that Plaintiff does not allege any facts to warrant the applicability of the discovery rule to her claim and that the EEOC proceeding did not toll the limitations period. (*Id.* at 9-10.)

In her objections to the Report, Plaintiff asserts that the discovery rule should apply

to her SCPWA claim because she continued to request her final paycheck and did not receive clear confirmation that Defendant would refuse payment. (ECF No. 41 at 2.) Additionally, Plaintiff argues that equitable tolling should apply because she pursued her administrative remedies through the EEOC and she is proceeding *pro se*. (*Id.* at 2-3.) Plaintiff also asserts that the Court liberally construe her allegation that Defendant withheld her final paycheck. (*Id.* at 3.)

After *de novo* review, the Court finds Plaintiff's objections entirely unavailing, and the Court fully agrees with the Magistrate Judge's analysis. Here, Plaintiff's own allegations indicate that she had the requisite knowledge of her SCPWA claim when Defendant terminated her and failed to pay her final paycheck within 48 hours to 30 days following her termination, and the Court finds no basis on which to apply the discovery rule to her claim. Furthermore, the Court agrees with the Magistrate Judge that the EEOC proceedings are irrelevant to the timeliness of an SCPWA claim, and the Court otherwise finds no basis to equitably toll the statute of limitations in this matter. Likewise, the fact that Plaintiff pursued her EEOC remedies without legal representation does not warrant the application of equitable tolling. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 39); the Court overrules Plaintiff's objections (ECF No. 41); and the Court grants Defendant's motion for partial dismissal (ECF No. 28), thereby dismissing Plaintiff's SCPWA claim with prejudice.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 23, 2026
Charleston, South Carolina

3